UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23466

ALBERTO H. REMEDIO,

    Plaintiff,

vs.

YNTO FOOD CORP. D/B/A
PRIME CHOICE FOODMARKET #5,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Alberto H. Remedio, sues Defendant, YNTO Food Corp. d/b/a Prime Choice Foodmarket #5, based as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Alberto H. Remedio**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff consents to participate in this lawsuit.

4. **Defendant, YNTO Food Corp. d/b/a Prime Choice Foodmarket #5**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in South Florida, that conducts its for-profit business in South Florida, and that employed Plaintiff in South Florida, where it paid him.

5. Defendant was Plaintiff's employer for purposes of the FLSA, as the term

1

"employer" is defined by 29 U.S.C. §203(d).

6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant has at all times material maintained its store and principal place of business in this District, because Defendant paid Plaintiff in this District, and because Plaintiff worked for Defendant in this District.

7.  This Court has original jurisdiction over Plaintiff's federal question claims involving 29 U.S.C. §201, *et seq.*.

### *Background Facts*

8.  Defendant regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the past three years, thus making Defendant's business an enterprise covered under and subject to the Fair Labor Standards Act

9.  Defendant has been at all times material engaged in interstate commerce in the course of its sale of produce, foodstuffs, beverages, goods, supplies and products that have moved through interstate commerce while using machinery, appliances, and credit card processing machinery and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

10. Defendant engages in interstate commerce in the course of its regular and recurrent receipt of invoices and submissions of payments involving out-of-state vendors, out-of-state suppliers, as well as the regular and recurrent receipt of packages from suppliers and vendors located outside of the State of Florida.

11. Defendant's gross revenues derived from this interstate commerce are in excess of $500,000.00 per year and/or $125,000 per fiscal quarter during each of the past three years.

12. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act also applies to Plaintiff's work for Defendant.

13. Plaintiff worked for Defendant as a butcher/meat cutter who was responsible for receiving and packages of meats that delivered to Defendant from locations outside of the State of Florida, storing same, and then cutting/preparing the meats for sale to be placed them in the stream of commerce for Defendant, as well as all duties attendant thereto – which included cleaning the knives and equipment used with products that traveled in interstate commerce prior to his use of same.

14. Plaintiff worked for Defendant from about October 2, 2017 to February 12, 2019.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

16. Defendant paid Plaintiff an hourly wage of $10.00 per hour.

17. Plaintiff routinely worked more than 40 hours per week for Defendant.

18. Defendant at all times material knew of the overtime and recordkeeping requirements imposed by the FLSA.

19. Defendant would automatically deduct 30 minutes for a meal break for each day that Plaintiff worked for 14 months, even though Plaintiff was not relieved of all work duties during those 30 minutes.

20. Defendant willfully and intentionally refused to pay Plaintiff overtime wages at a rate of time and one-half times of his regular rate of pay for each of the overtime hours worked during the relevant time period.

3

21. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled him to believe that it was not required to pay overtime by paying him overtime wages, and/or they concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay he earned.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

23. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alberto H. Remedio, demands the entry of a judgment in his favor and against Defendant, NTO Food Corp. d/b/a Prime Choice Foodmarket #5, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

4

    f.      That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    g.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 19th day of August 2019.

                    Respectfully Submitted,

                    s/*Brian H. Pollock, Esq.*
                    Brian H. Pollock, Esq.
                    Fla. Bar No. 174742
                    brian@fairlawattorney.com
                    FAIRLAW FIRM
                    7300 N. Kendall Drive
                    Suite 450
                    Miami, FL 33156
                    Tel:    305.230.4884
                    *Counsel for Plaintiff*